IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:00-10002-STA |
| | ) |
| JAMES OSCAR KELLY, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

The Court previously denied Defendant's motion for compassionate release without prejudice for failure to exhaust his administrative remedies. (ECF No. 43.) On July 25, 2024, the Court granted Defendant's motion for reconsideration after he submitted copies of his correspondence with the Warden of his facility which showed that he had complied with the exhaustion requirements. In that order, the Court also ordered the Government to file an updated response to Defendant's motion for compassionate release. (ECF No. 46.) The Government has now filed its response. (ECF Nos. 47, 48.) For the reason set forth below, Defendant's motion (ECF No. 35) is **DENIED**.

On March 17, 2000, Defendant pled guilty to one count of Mailing Threatening Communications in violation of 18 U.S.C. § 876. On April 18, 2000, Defendant was sentenced to thirty (30) months imprisonment to run consecutively to sentences imposed in Bradley County, Tennessee Criminal Court, the United States District Court Western District of Kentucky, and the United States District Court Southern District of Illinois. (ECF No. 28 Min.; No. 29 Judg.)

Defendant has served 1 year 6 months and 28 days of the Western District of Kentucky sentence. However, his sentence in this court is not set to begin until April 14, 2027.

Defendant seeks a sentence reduction under 18 U.S.C. § 3682(c)(1)(A) which would result in his immediate release from the custody of the Bureau of Prisons ("BOP"). Defendant argues that extraordinary and compelling reasons for his release exist, specifically that his sister is incapacitated and needs a caregiver and that he has been rehabilitated while incarcerated.

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018 amended the circumstances under which a court may order a defendant's release from incarceration. The statute authorizes courts to reduce a defendant's sentence if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors ... in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). The defendant bears the burden of establishing that he is eligible for compassionate release. *See United States v. Williams*, 458 F. Supp. 3d 939, 943 (W.D. Tenn. 2020).

The policy statement applicable to compassionate release motions, 18 U.S.C. § 1B1.13, was amended effective November 1, 2023, and describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release. These categories are: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the

defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence." 18 U.S.C. § 1B1.13(b).

Before seeking relief from the court, a defendant must first exhaust the BOP's administrative process or wait "thirty days after the warden has received the compassionate release request — whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). In the present case, as previously stated, Defendant has exhausted his administrative remedies.

Even when an inmate has exhausted remedies and shown "extraordinary and compelling reasons," he is still not entitled to compassionate release. Before ordering relief, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine that release is appropriate. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). In the present case, Defendant has not shown extraordinary and compelling reasons for an early release, and the § 3553(a) factors weigh against release.

Defendant relies on "family circumstances" as an extraordinary and compelling reason for relief. However, Defendant's motion is not based on the death or incapacitation of his child or the caregiver of the child under § 1B1.13(b)(3)(A), or the incapacitation of his spouse under § 1B1.13(b)(3)(B), or the incapacitation of a parent under § 1B1.13(b)(3)(C). Instead, Defendant relies on § 1B1.13(b)(3)(D), which states that a defendant can show an extraordinary and compelling reason involving another immediate family member . . . when the defendant would be the only available caregiver for such family member.

Defendant seeks relief to take care of his incapacitated sister, but he has failed to establish that his sister is incapacitated in that he has provided no documentation showing that his sister is in fact incapacitated. Defendant mentions that his sister has a "medical condition" without stating

that such condition renders her incapacitated. Even if Defendant had shown that his sister was incapacitated, Defendant cannot show that he would be the only available caregiver for her. Defendant acknowledges that his sister's husband "is there all of the time." As such, Defendant's sister's husband should be able to provide assistance. Additionally, in addition to her husband, his sister lives with her son. Thus, Defendant has failed to show that he is the only available caregiver for his sister.

Next, Defendant contends that his rehabilitation efforts while incarcerated warrant early release. Rehabilitation alone cannot be considered an extraordinary and compelling reason to grant relief. Although U.S.S.G. § 1B1.13(d) states that rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted," the circumstances alleged by Defendant do not warrant relief. As discussed, Defendant has failed to show that his sister is incapacitated, and his own allegations refute the requirement that he is "the only available caregiver." *Id.* § 1B1.13(b)(3)(D).

The Court also finds that relief is improper considering the factors set forth in 18 U.S.C. § 3553(a) and the danger Defendant poses to others because his history and characteristics and the nature and circumstances of his offense weigh against release. 18 U.S.C. § 3553(a)(1). Defendant was convicted of two aggravated kidnappings, one aggravated rape, one aggravated robbery, and an aggravated assault prior to his federal cases. (PSR, ¶¶ 23 and 24.) While in state custody he committed the acts which were the basis for his federal convictions. (*Id.* ¶¶ 2-4.) Furthermore, Defendant has not served any of the sentence associated with the present case. Reducing Defendant's sentence would not reflect the seriousness of his offense, promote respect for the law, or provide just punishment for his crimes. It would also fail to afford adequate deterrence to criminal conduct, and potentially create unwarranted sentence disparities among defendants with

similar records who have been found guilty of similar conduct. Accordingly, his motion is **DENIED**.

    IT IS SO ORDERED.

    **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  November 26, 2024.